IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Bankruptcy Case No. 13-23414-CMB |
| C Hackett, Inc.<br>a/k/a C Hackett Auto Rental & Leasing<br>d/b/a C Hackett Chrysler Dodge Jeep & Ram | Chapter 7<br><br>Document #_____ |
| Debtor.<br>_____<br>Jeffrey J. Sikirica, Chapter 7 Trustee, | |
| Movant.<br>   v. | |
| Huntington National Bank;<br>Ally Financial Inc. f/k/a GMAC;<br>Ally Bank<br>Internal Revenue Service;<br>Horizon Business Funding, LLC;<br>TransUnion, LLC;<br>The Estate of Basil J. Mangano;<br>Bank of the West, Trinity Division;<br>Brookside Sales, Inc.; and,<br>Snap-On Credit, LLC, | |
| Respondents. | |

**TRUSTEE'S MOTION TO SELL**
**<u>PERSONAL PROPERTY FREE AND CLEAR OF LIENS</u>**

AND NOW, comes Jeffrey J. Sikirica, Chapter 7 Trustee, by and through his undersigned special counsel, David K. Rudov, Esq. and the law firm of Rudov & Stein, P.C. and files the within Motion to Sell Personal Property Free and Clear of Liens (hereinafter "Motion to Sell"), stating in support thereof as follows:

1. C Hackett, Inc. (hereinafter "Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on August 14, 2013.

2. On January 15, 2014, this case was converted to a Chapter 7 case and Jeffrey J. Sikirica (hereinafter "Trustee") was duly appointed as the Chapter 7 Trustee and has been so serving.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N).

**Sale of Personal Property**

6. The Trustee seeks to sell the parts inventory, tools, all equipment, six motor vehicles (identified on Exhibit "A-1") and all other tangible personal property, of whatever kind ("Assets") of the Debtor located at the former dealership in Newell, West Virginia, 26050-1126. The Trustee has taken 81 photographs of the Debtor's former business operations and Assets, a copy of a compact disc with all of the photographs is available for review by any party requesting same. These photographs may also be viewed at the Bankruptcy Court EASI website under the state of West Virginia. (www.199.107.21.66/cgi-bin/csoai.cgi)

7. The Trustee has received an offer from Beaver County Auto of 2761 Constitution Boulevard, Beaver Falls, PA 15010, or its assigns, in the amount of $53,000.00 to purchase all of the Debtor's Assets. Beaver County Auto has no relationship to the Debtor, the Trustee nor his counsel. (See Exhibit "A-2")

8. Ally Financial, Inc. has the validity perfected first lien in all of the Assets to be sold. Pursuant to an agreement negotiated by the Trustee, his counsel and Ally. Ally has agreed to permit 40% of the net proceeds of the auction sale of the Assets (after payment of advertising expenses and costs of mailing) to be paid to the Debtor's estate as a "carve out". The remaining 60% will be paid to Ally Financial, Inc. (See Exhibit "B".)

9. Said "carve out" from Ally is to be applied only for distribution in order of priority to the United States Trustee's administrative claim, Chapter 7 Trustee's administrative fees and expenses, Attorney for Trustee's fees and expenses, Accountant for Trustee's fee and expenses, Special Counsel for Trustee's fees and expenses and unsecured creditors.

10. The parties listed below may claim a lien or security interest in the Assets that will be sold:

   a. Huntington National Bank;
   b. Ally Financial Inc. f/k/a GMAC;
   c. Ally Bank
   d. Internal Revenue Service;
   e. Horizon Business Funding, LLC;
   f. TransUnion, LLC;
   g. The Estate of Basil J. Mangano;
   h. Bank of the West, Trinity Division;
   i. Brookside Sales, Inc.; and,
   j. Snap-On Credit, LLC

11. The sale is "as is - where is" and no warranties of any kind are expressed or implied.

12. The Trustee will welcome higher or better bids at the time of the sale to be held in Bankruptcy Court.

13. The Trustee believes the sale will provide some funds to complete the administration of this case, and to pay some of the debt obligations of the Debtor.

14. The sale is proposed in good faith, and the respective bidder has acted in good faith with respect to the within sale in accordance with *In Re Abbotts Dairies of Pennsylvania, Inc.*, 788 F2d. 143 (3d Cir. 1986).

15. The sale shall be free, clear and divested of all liens and claims, and all liens claimed by any respondent and claims will be transferred to the proceeds of the sale, if and to the extent they are be determined to be valid liens against the items that are sold.

WHEREFORE, the Trustee prays that this Honorable Court authorize the sale of the assets of the Debtor set forth in this Motion to Sell, free and clear of all liens to the proposed purchaser or such party as may make a higher or better offer at the hearing thereon.

Respectfully submitted,
Rudov & Stein, P.C.

Dated: April 25, 2014

*/s/ David K. Rudov, Esq.*
David K. Rudov, Esq.
Pa. I.D. # 35579
Special Counsel to Trustee, Jeffery J. Sikirica

100 First Avenue, Suite 500
First & Market Building
Pittsburgh, PA 15222
412/281-7300